UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jomari E. Alexander, Sr., | Case No. 24-CV-1489 (JMB/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Dyanna Street, Kevin Shoeberg, and Samuel Striker, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Jomari E. Alexander, Sr.'s Complaint (Doc. No. 1) and application to proceed in forma pauperis (IFP Application). (Doc. No. 2.) For the following reasons, the Court dismisses this action without prejudice under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

In 2019, Alexander sued Samuel Striker, a landlord, in Minnesota state district court. (*See* Register of Actions, *Alexander v. Striker*, No. 02-CV-19-6626 (Minn. Dist. Ct.).[1]) On April 23, 2024, Alexander filed the instant action alleging that Striker, Striker's attorney, and the judge presiding over the 2019 state-court case committed the following violations:

> Civil Rights Violations that include, Defamation, Perjury, False Crimes, Gun Weaponed Confrontation and Courtroom Theft from a Prejudice and Biased Judge who repeatedly broke the law to help herself, the Lawyer and the Landlord in Racist

---

[1] The Court takes judicial notice of public records, including certain state-court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

> ways of accepting the crimes she and the lawyer accused me of these crimes inside the Courthouse building and crimes outside the Courthouse building that I'm charged with a Felony right now.

(Doc. No. 1 at 3.)

As Alexander has previously been informed, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Cf. Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (holding that district court can address subject-matter jurisdiction on its own). It is thus Alexander's responsibility to make allegations sufficient to establish the Court's subject-matter jurisdiction over his case. *See, e.g.*, *Kokkonen*, 511 U.S. at 377. Upon review of the Complaint, the Court concludes that the allegations do not implicate federal law. For instance, defamation, assault, and theft are causes of action that arise under state law. Likewise, Alexander's general references to unspecified "civil rights" in the Complaint do not, without more, establish federal subject-matter jurisdiction. Therefore, the Court dismisses this action and denies the IFP Application as moot.

The Court also observes that Alexander has filed seven cases within the previous two months in this District. Moreover, in one of his most recent complaints, he indicates that more lawsuits are forthcoming. (*See, e.g.*, Compl. at 14, *Alexander v. Alexander*, No. 24-CV-1503 (NEB/DLM) (D. Minn. Apr. 24, 2024).) The Court has repeatedly explained that Alexander must establish federal subject-matter jurisdiction for actions he files in federal court. (*See* Order at 2–3, *Alexander v. Alexander*, No. 24-CV-1228 (ECT/JFD) (D. Minn. Apr. 18, 2024) (dismissing action); Order at 3–4, *Alexander v. Nelson*, No. 24-CV-

1229 (PAM/DLM) (D. Minn. Apr. 17, 2024) (same); Order at 2–3, *Alexander v. All Hopes Inc. et al*, No. 24-CV-907 (ECT/JFD) (D. Minn. Mar. 14, 2024) (same).) The Court has even gone so far as to warn Alexander that, if he continues to "fil[e] suits hastily, without taking due account of whether they are justified and appropriate," he may face a filing restriction. Order at 2–3, No. 24-CV-1228 (ECT/JFD) (D. Minn. Apr. 18, 2024). Despite this warning, Alexander has filed two more suits, including this one, and as noted above, indicated an intent to file additional lawsuits. Therefore, the Court places a filing restriction on Alexander. The requirements below will prevent Alexander from abusing the judicial process while also preserving his court access for nonfrivolous litigation.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

2. Alexander's IFP Application (Doc. No. 2) is DENIED as moot.

3. The Clerk of Court shall place Alexander on the District's restricted-filer list.

4. Alexander shall be prohibited from filing any new cases in the U.S. District Court for the District of Minnesota unless he (1) first obtains prior approval from a District Judge or Magistrate Judge, or (2) is represented by counsel.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 10, 2024   /s/ Jeffrey M. Bryan
　　　　　　　　　　　Judge Jeffrey M. Bryan
　　　　　　　　　　　United States District Court